Heirs of Gutierrez *vs.* Croner.

The condition of the suspensive appeal bond, that the appellant shall prosecute his appeal and shall satisfy whatever judgment may be rendered if he be cast in his appeal, is fulfilled if he shall fail to file his appeal within the delay permitted.

Where a suit has been filed to compel payment by the sureties without first taking any steps to enforce payment by the principal, and the sureties plead to the merits, they thereby waive the exception of prematurity which should have been pleaded *in limine litis.*

Where the sureties bind themselves for different sums which aggregate the prescribed amount of the bond, it is good, and a solidary judgment can be entered against *all* only for the smallest sum for which any surety is bound, and against the others *in solido* for such other sum as is covered by their solidary obligation.

APPEAL from the Fourth District Court of New Orleans.    LYNCH, J.

*Fellows* for Plaintiff Appellant.    *Dibble* for Defendants.

Taylor obtained an order of seizure and sale which Conway suspended by appeal on a bond for ten thousand dollars — one surety, binding himself for one thousand, another for two, and a third for seven.   The appeal was never lodged in the Supreme Court.   After the expiry of the time in or at which the appeal was returnable, Taylor obtained a certificate of the clerk of the Supreme Court that no transcript had been filed and produced it before the lower court, whereupon the sheriff proceeded with the executory process, and the property was sold thereunder.   The proceeds of sale did not extinguish the mortgage debt.   A residue of about thirteen hundred dollars remained unsatisfied.   Taylor sued at once on the bond without any preliminary action against the principal, and the sureties pleaded to the merits.   Judgment was for the defendants below.

DE BLANC, J., delivered the opinion reversing the judgment, and gave a judgment *in solido* against all the sureties for one thousand dollars, and a like judgment against the two sureties who were bound above that sum for the residue.

---

No. 5786.

HEIRS OF GUTIERREZ VS. B. & W. CRONER ET AL.

Attachment is not justifiable when the defendants have on hand a large stock of goods and are not involved, although they were advertising that they were selling at great sacrifices, and were removing their goods to another store in a different part of the

Baldwin & Co. *vs.* Central Sugar Man. Co.

city, the removal being openly and publicly carried on and with the avowed intention to continue business at the new stand.

Bills of exception never submitted to the opposing counsel, and not presented to the court nor filed therein until one month after appeal taken and bond filed, will not be considered if objected to by the opposing counsel.

It is a part of the law of landlord and tenant that the latter is at once bound for the rent of the whole term if, without lawful cause, he abandons the premises before the expiration of the lease.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

*Bright* for Plaintiffs. *Cotton & Levy* for Defendants Appellants.

SPENCER, J., delivered the opinion setting aside the attachment and in other respects affirming the judgment. MANNING, C, J., delivered the opinion on rehearing refusing to disturb the decree theretofore entered.

---

## No. 6762.

### B. HEYMAN ET AL. VS. P. BERNSTEIN ET ALS.

An administrator who files his final account, has it homologated, and permits the heirs to be sent into possession, without causing his own claim against the succession to be paid or requiring security from the heirs, cannot reopen the succession for the purpose of enforcing his claim and the privilege he once had for its payment. His claim is reduced to the rank of an ordinary debt against the heirs, and he cannot interfere with a partition they are making of the property with a view to enforce his claim against it.

APPEAL from the Second District Court of New Orleans. TISSOT, J.

*M'Caleb* for Plaintiffs. *McGloin & Nixon* for Defendants Appellants.

MARR, J., delivered the opinion affirming the judgment.

---

## No. 6128.

### A. BALDWIN & CO. VS. CENTRAL SUGAR MANUFACTURING CO.

Payment of wages to factory hands and laborers is not such disposition of money as justifies an attachment under the Rev. Stats., sect. 109. Such payment does not